IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAYMOND TEAGUE,** **M36423** | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| **HEAD SUPERVISOR KOHN,** *et al.* | ) ) ) ) |
| Defendants. | ) |

Case No. 19-cv–1101-DWD

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Raymond Teague, an inmate of the Illinois Department of Corrections ("IDOC") currently being held at Lincoln Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while housed at Lawrence Correctional Center ("Lawrence"). Before the Court are several motions related to Defendant John McFarland's failure to file a timely answer (Docs. 42, 43 and 44), as well as Plaintiff's renewed Motion for Recruitment of Counsel (Doc. 46).

In its Memorandum and Order, the Court ordered Defendants (including McFarland) "to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g)." (Doc. 15., p. 9). Waiver of service forms were sent to McFarland on May 5, 2020 and May 28, 2020. (Docs. 16, 19). McFarland returned the executed second waiver on August 27, 2020, a month after the 60-day answer deadline for such waivers and two months after the deadline for returning

1

the form.  (Doc. 31). Regardless, McFarland failed to file any answer, and a Clerk's Entry of Default was issued on January 29, 2021.  (Doc. 39). On February 11, 2021, Plaintiff filed a Motion for Default Judgment (Doc. 42).  McFarland filed a Motion to Set Aside the Clerk's Entry of Default (Doc. 43) and Motion for Leave to File an Answer (Doc. 44).

Under Federal Rule of Civil Procedure 55(c), the Court has the discretion to set aside an entry of default for "good cause shown."  More specifically, in order to vacate an entry of default the moving party must show: (1) good cause for default (2) quick action to correct it and (3) meritorious defense to plaintiff's complaint.  *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994).  The test for setting aside an entry of default is the same as the test for setting aside a default judgment, but it is applied more liberally.  *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).  This is because the Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment."  *Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007)

McFarland states that his employment with IDOC ended in July 2019.  (Doc. 43-1). He states that he was under the impression that because the Illinois Attorney General's Office generally automatically represents IDOC employees when sued for their actions in that capacity, it would also automatically enter an appearance and handle matters on his behalf.  (*Id.*).  This is not the case when a defendant has retired or otherwise left IDOC in the interim.  He also asserts that he has a meritorious defense, in that he lacked the power or authority to alter the vegan diet guidelines and was unaware of Plaintiff's alleged allergic reactions.

The Court finds that in view of the Seventh Circuit's preference for trial on the merits, setting aside the entry of default against McFarland is appropriate. His mistake satisfies the requirement for good cause shown. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (finding good cause for default where the defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence."). There is no bright-line rule for what constitutes "quick" action to correct the default, but the Court finds that responding less than 21 days after entry of default is adequately quick. Finally, McFarland's defense (if found credible) is meritorious—if he was unaware of Plaintiff's allergic reaction to the food he was served, he would not be deliberately indifferent so as to violate the Eighth Amendment.

Accordingly, McFarland's Motion to Vacate Entry of Default and Motion to File Answer will be granted. With the Entry of Default vacated, Plaintiff's Motion for Entry of Default Judgment is therefore denied.

Finally, Plaintiff has also submitted a renewed Motion for Recruitment of Counsel (Doc. 46), which is denied. There is no constitutional or statutory right to counsel for a civil litigant. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Determining whether to appoint counsel is a two-step analysis: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so; and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has satisfied the first prong: he is indigent and has enclosed three letters

3

indicating unsuccessful attempts to obtain counsel. However, it appears that he is competent to litigate the case himself at this point. He cites limited access to the prison law library and a GED level education as barriers. However, he has been able to coherently and cogently state his case and respond to motions, and the nature of the case is not very complex. At the summary judgment stage, or if Plaintiff encounters undue difficulties during discovery, he may file a new motion for representation.

## Disposition

Defendant McFarland's Motion to Set Aside Clerk's Entry of Default (Doc. 43) and Motion for Leave to File Answer (Doc. 44) are **GRANTED**. The Clerk's Entry of Default (Doc. 39) is **VACATED** and McFarland is **ORDERED** to file his answer instanter. Plaintiff's Motion for Default Judgment (Doc. 42) and Motion for Recruitment of Counsel (Doc. 46) are **DENIED**. Plaintiff's Motion for Status (Doc. 40) is **MOOT.**

**IT IS SO ORDERED.**
**DATED:** May 27, 2021

                                                      **DAVID W. DUGAN**
                                                      **U.S. District Judge**